UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LAWRENCE CHRISTIAN,                      :
                                         :
                    Petitioner,          :    04 Civ. 6526
                                         :
          -against-                      :    **OPINION & ORDER**
                                         :
BUREAU OF PRISONS,                       :
                                         :
                    Respondent.          :
------------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**[*]

Lawrence Christian ("Christian") petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Christian contends that the Federal Bureau of Prisons ("BOP") has incorrectly calculated his good conduct time ("GCT") credits under 18 U.S.C. § 3624(b). For the following reasons, Christian's habeas corpus petition is DISMISSED as moot.

## I. BACKGROUND

On March 21, 2003, Christian was sentenced in the United States District Court for the Middle District of Florida to a twenty-four month term of incarceration, followed by a two-year term of supervised release, for his conviction of conspiracy to violate an arrested suspect's civil rights by improperly seizing the suspect's property in violation of 18 U.S.C. § 241.[1] (Scannell Decl., Exs. B, C.) Christian surrendered to the BOP and began serving his sentence on May 27, 2003. Id.

---

[*] Scott Eckert, a summer 2005 intern in my Chambers, and currently a second year law student at Brooklyn Law School, provided substantial assistance in the research and drafting of this Opinion.

[1] According to the Presentence Investigation Report, during the time of this offense, Christian was a police officer employed by the Tampa Police Department acting under color of law. Christian arrested a suspect on charges of retail theft at a department store. Subsequent to the arrest, Christian seized all of the suspect's personal items. Before booking the suspect in the Hillsborough County Jail, Christian stole two

1

On August 12, 2004, Christian filed this petition which alleges that the BOP improperly calculated his GCT credit pursuant to 18 U.S.C. § 3624(b) (Release of a Prisoner) and he is therefore being detained in violation of the Due Process Clause of the Fifth Amendment. Christian was released from custody on February 18, 2005.

## II. DISCUSSION

### A. Jurisdiction

Habeas jurisdiction is present when the petitioner is in custody "under the conviction or sentence under attack at the time his petition is filed." Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng v. Cook, 490 U.S. 488, 490 (1989)). This Court has subject matter jurisdiction pursuant to Title 28 U.S.C. § 2241 to consider Christian's Petition because (1) the Petition challenges the calculation of GCT relating to his time under the BOP's supervision at the Federal Correctional Institution in Otisville, New York; and (2) Christian was in the custody of the BOP at the time he filed the Petition. 28 U.S.C. § 2241(c).

### B. Legal Standard

The relevant part of Title 18 U.S.C. § 3624(b) provides:

> [A] prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, **may receive credit toward the service of the prisoner's term of imprisonment, beginning at the end of the first year of the term**, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional regulations . . . . [C]redit for the last year or portion of a year of the term of imprisonment shall be prorated and credited within the last six weeks of the sentence. (emphasis added)

---

postal money orders from the suspect. Christian then wrote his step-brother's name in the "Pay to" section of the money orders, and gave them to his step-brother.

In order to assist in the administration of 18 U.S.C. § 3624(b), the BOP promulgated 28 C.F.R. § 523.20, which provides as follows:

> Pursuant to 18 U.S.C. 3624(b) . . . an inmate earns 54 days credit toward service of sentence (good conduct time credit) for each year served. This amount is prorated when the time served by the inmate for the sentence during the year is less than a full year.

Additionally, the BOP has issued Program Statement 5880.28, which sets forth the formula by which GCT credits are calculated. This formula simply multiplies the number of days served by 0.148 (which is 54/365) for a prisoner who has served his sentence with exemplary behavior. Therefore, a prisoner may earn a maximum of 54 GCT days (365 x 0.148 = 54) for each full year actually served.

Christian interprets this to mean that he should be eligible to earn 108 (54 x 2) days of GCT time based on his two-year sentence. He maintains that BOP's interpretation of 18 U.S.C. § 3624(b) is incorrect, and contends that the allocation of GCT credits should be based upon the length of the sentence, rather than the amount of time actually served. Therefore, Christian believes that he should only have to serve 624 days of his sentence.

The BOP's interpretation of 18 U.S.C. 3624(b) calculates GCT credits based upon time actually served. The BOP maintains that a prisoner with a 24-month sentence is eligible to earn only 94 GCT days, and therefore has to serve 638 days. The result is a fourteen-day discrepancy between Christian's and BOP's respective calculations.

**C. Mootness**

Before the merits of Christian's petition may be considered, it is necessary to determine whether Christian's release from prison has rendered his claim moot because it no longer represents a "case or controversy" under Article III, § 2 of the United States Constitution. See DeFunis v. Odegaard, 416 U.S. 312, 316 (1974) (discussing the federal courts' lack of power to address questions that have no bearing on the rights of litigants).

3

The exercise of judicial power under Article III of the Constitution depends on the existence of a case or controversy. Preiser v. Newkirk, 422 U.S. 395, 401 (1975). In North Carolina v. Rice, 404 U.S. 244, 246 (1971), the Court stated that a federal court has neither the power to render advisory opinions nor "to decide questions that cannot affect the rights of litigants in the case before them." Rather, its judgments must resolve "a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id. (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 241 (1937)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate… The parties must continue to have a 'personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Therefore, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" throughout all stages of litigation. Id. at 477.

Christian requests that this Court (1) recalculate his GCT based on the length of his sentence rather than on time actually served, and (2) declare the BOP's method of calculating GCT unconstitutional. The BOP released Christian from its custody on February 18, 2005, yet Christian seeks relief that could only have been granted prior to his release. Once no longer threatened with "an actual injury traceable to the [Respondent] and likely to be redressed by a favorable judicial decision," Christian's claim for the recalculation of his GCT is moot. Spencer, 523 U.S. 1, 7 (1998).

Christian's release from the BOP's custody also mooted his request for a declaratory judgment stating that the BOP's method of calculating GCT is unconstitutional. The Declaratory Judgment Act ("DJA"), 28 U.S.C.A. § 2201, "permits declaratory relief only in cases presenting 'actual controvers[ies],' . . . a requirement that incorporates into the statute the case or controversy limitation on federal jurisdiction found in Article III of the Constitution." Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians, 94 F.3d 747, 752 (2d Cir. 1996). A

4

controversy is justiciable under DJA "only if it presents the plaintiff with a present danger or dilemma, and not a danger or dilemma which is contingent upon the happening of certain future or hypothetical events." Bellefonte Reinsurance Co. v. Aetna Cas. and Sur. Co., 590 F.Supp. 187, 191 (S.D.N.Y. 1984). Put another way, the "central question" to be answered is "whether changes in the circumstances that prevailed at the beginning of litigation have forestalled any occasion for meaningful relief." West v. Sec'y of the Dep't of Transp., 206 F.3d 920, 925 n. 4 (9th Cir. 2000) (quoting Wright & Miller, Fed. Practice and Procedure § 3533.3, at 268 (1984)). Due to the fact that Petitioner has been released from prison, Christian may no longer obtain meaningful declaratory relief, and therefore his request is moot.

It should be noted that the mere fact that a prisoner has been released from the government's custody does not automatically render his habeas claims moot. "A criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." Sibron v. New York, 392 U.S. 40, 57 (1968). Here, Petitioner has failed to demonstrate that the extra fourteen days of incarceration, whether they be right or wrong, have created any collateral consequences or civil disabilities beyond those stemming from his original conviction.

### III. CONCLUSION

For the foregoing reasons, Christian's Petition for a writ of habeas corpus is DENIED. The Clerk of the Court is instructed to close any open motions and remove this case from my docket.

SO ORDERED
August __, 2005

U.S.D.C.